Filed 12/31/25  P. v. Gosztyla CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102713 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE004488) |
| v. | |
| RICHARD GOSZTYLA, | |
| Defendant and Appellant. | |

Defendant Richard Gosztyla appeals from the trial court's denial of his postconviction motion under Penal Code section 1465.9 to strike his restitution and parole revocation fines.[1]  Gosztyla's appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436, raising no issues and asking us to independently review the record.  Counsel's brief acknowledged

---

[1]  Undesignated statutory references are to the Penal Code.

that there may be a question regarding the appealability of the challenged order. Gosztyla filed a supplemental brief asking us to strike the challenged fines and fees. Because we conclude that the trial court's order is not appealable, we will dismiss the appeal without reaching the merits of the arguments raised in Gosztyla's supplemental brief.

BACKGROUND

In 2018, a jury found Gosztyla guilty of five counts of lewd and lascivious acts with a child under the age of 14 (§ 288, subd. (a)) and five counts of oral copulation or sexual penetration with a child 10 years old or younger (§ 288.7, subd. (b)). The jury also found true that Gosztyla had substantial sexual conduct with a child under the age of 14 (§ 1203.066, subd. (a)(8)). Later that year, the trial court sentenced Gosztyla to state prison for an aggregate term of 16 years plus 75 years to life. The court also imposed a $10,000 restitution fine (§ 1202.4), a corresponding $10,000 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $400 court operations assessment (§ 1465.8, subd. (a)(1)), and a $300 criminal conviction assessment (Gov. Code, § 70373).

On appeal, this court ordered the trial court to correct the abstract of judgment but otherwise affirmed the judgment. (*People v. Gosztyla* (Feb. 18, 2021, C088530) [nonpub. opn.], review den. May 26, 2021, S267600.) The record indicates that the remittitur issued by June 2021.

In October 2024, Gosztyla, proceeding in propria persona, filed a "Motion Requesting Restitution Hearing to Vacate Fines and Fees." He asked the trial court to vacate his restitution and parole revocation fines pursuant to section 1465.9 and Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill No. 1869).

In November 2024, the trial court denied Gosztyla's motion. The court explained that recent amendments adopted by Assembly Bill No. 1869, Assembly Bill No. 177 (2021-2022 Reg. Sess.), and Assembly Bill No. 199 (2021-2022 Reg. Sess.) "did not

2

change the restitution fine assessment." In addition, "a trial court lacks jurisdiction to entertain a motion to modify a restitution fine after the defendant has begun serving his or her sentence."

Gosztyla timely appealed.

DISCUSSION

Before we may consider the merits of Gosztyla's appeal, we must first determine whether the trial court's order denying his postjudgment motion to vacate his restitution and parole revocation fines is appealable. (*People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) An order made after judgment is appealable if it affects a defendant's substantial rights. (§ 1237, subd. (b).) " 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085.) " 'Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced.' " (*People v. Roy* (2025) 110 Cal.App.5th 991, 997.)

In this case, Gosztyla was sentenced in 2018 and began serving his sentence that same year. This court affirmed the judgment on appeal, and the remittitur issued by June 2021. Thus, absent an exception to the general common law rule, the trial court lacked jurisdiction in October 2024 to grant Gosztyla's motion and resentence him by reducing or vacating his restitution or parole revocation fines.

3

Gosztyla's motion is based on section 1465.9, which was added by Assembly Bill No. 1869 and which provides criminal defendants with relief from certain costs and fees. (See *People v. Clark*, *supra*, 67 Cal.App.5th at pp. 259-260.) The statute, however, does not contain a procedure by which a defendant may file a standalone, postjudgment motion seeking vacatur of a previously, validly imposed fine. "Where a defendant whose conviction is final files a statutorily unauthorized ' "freestanding" ' petition, both the court below and this court lack jurisdiction to consider the arguments raised therein." (*People v. Garcia* (2025) 114 Cal.App.5th 139, 144-145, review den. Nov. 25, 2025, S293417.) In that circumstance, the appeal must be dismissed. (*Ibid.*)

DISPOSITION

The appeal is dismissed.


        /s/
FEINBERG, J.


We concur:



        /s/
DUARTE, Acting P. J.



        /s/
BOULWARE EURIE, J.


4